UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUL 16  PM 12: 09

CLERK

BY_____
DEPUTY CLERK

ATAIN SPECIALTY INSURANCE           )
COMPANY,                            )
     Plaintiff,                    )
                                    )
    v.                              )          Case No.: 2:25-cv-610
                                    )
NED SKI ASSOCIATES, LLC,            )
LAUREL G. KLEPACKI, JOSEPH          )
KLEPACKI, TRAILSEDGE OWNERS         )
ASSOCIATION, INC., LAUDON           )
ASSOCIATES, INC., ESTATE OF         )
DONALD KLEPACKI,                    )
                                    )
     Defendants.                   )

## ORDER
(Docs. 63, 78)

Defendants Laurel Klepacki, Joseph Klepacki, Laudon Associates, Inc., NED Ski

Associates, LLC, and the Estate of Donald Klepacki (collectively, "the Laudon Parties") move to

join this coverage action ("Coverage Action") with the underlying construction-defect action,

*Trailsedge Owners Association, Inc. v. NED Ski Associates, LLC, et al.*, Case No. 2:23-cv-90 (the

"Underlying Action"), for purposes of a consolidated Early Neutral Evaluation ("ENE"), and to

extend the scheduling order in this case. (Doc. 63.) The motion to consolidate this case for

purposes of ENE is identical to the motion filed in the Underlying Action. (UA Doc. 344.)

Defendant Blue Moon Design Architectural Design, LLC filed a limited opposition in the

Underlying Action, (UA Doc. 346), and Plaintiff Trailsedge Owners Association, Inc. filed a

partial opposition in that case as well, (UA Doc. 347). The Laudon Parties filed replies to the

oppositions in the Underlying Action in both actions. (Doc. 66; UA Doc. 348.)

Plaintiff/Counter-Defendant Atain Specialty Insurance Company ("Atain") has since filed its own motion joining the Laudon Parties' request to extend the scheduling order in this Coverage Action and separately requesting that the court set a status conference. (Doc. 78.) Atain represents that it does not oppose consolidation for ENE purposes, that no party in this Coverage Action opposes an extension of this Coverage Action's schedule specifically, and that the Laudon Parties and Trailsedge have proposed that any status conference on these issues be conducted jointly with the Underlying Action. (Doc. 78 at 3–4.)

**Analysis**

**I.    Consolidation for Purposes of ENE**

For the reasons set forth in the court's separate order entered today in the Underlying Action, the court finds that this Coverage Action and the Underlying Action involve sufficiently common questions of fact—both arising from the same alleged construction defects at the Trailsedge condominium development—to warrant joinder under Federal Rule of Civil Procedure 42(a) for the limited purpose of a consolidated ENE. The court has entered an order to that effect in the Underlying Action today, joining the two actions on identical terms.

**II.    Scheduling Order**

The Motion also asks the court to vacate the current Stipulated Discovery Schedule/Order in this Coverage Action and to direct the parties to submit a new discovery schedule, or a stipulation of dismissal, within thirty days of the completion of the ENE. (Doc. 42.) Atain's motion joins this request, noting that discovery in this Coverage Action remains outstanding, that it is unlikely to be completed before the September 21–22, 2026 ENE, and that the current dispositive motion deadline of June 12, 2026 (Doc. 42) is no longer workable given that posture. (Doc. 78 at 2–3.) No party in this Coverage Action opposes an extension of the Coverage Action's

2

schedule—Trailsedge's opposition on the Underlying Action docket was directed only at that case's schedule. (UA Doc. 347.)

The court agrees that good cause exists to modify the Coverage Action's schedule. *See* Fed. R. Civ. P. 16(b)(4); L.R. 26(a)(7). The existing deadlines in the current discovery schedule, including the June 12 dispositive motion deadline, which has passed, no longer reflect the posture of this case.

The court declines, however, to set a new schedule on the present record. In a separate order docketed today in the Underlying Action, the court adopted a detailed schedule addressing outstanding discovery, the pending summary judgment motions in that case, and the timing of the consolidated ENE. Because the progress of this Coverage Action necessarily depends in part on developments in the Underlying Action, as the parties themselves have recognized, (*see* Doc. 63 at 4–5; Doc. 66 at 5 & n.3; Doc. 78 at 3), the parties to this Coverage Action are in the best position to propose a schedule that accounts for the Underlying Action's schedule and the September 21–22, 2026 consolidated ENE.

For these reasons, within fourteen days of this Order, the parties to this Coverage Action shall meet and confer and submit a proposed scheduling order (or competing proposed scheduling orders, if the parties cannot agree) for this Coverage Action, taking into account the schedule set in the Underlying Action and the consolidated ENE date. Any proposed schedule shall address the timing of remaining written and deposition discovery and any dispositive motion deadlines. If the parties disagree regarding whether the dispositive motions should be due before, after, or on some other schedule relative to the ENE, each party or group of parties shall briefly explain the basis for their position in their submission.

**III.    Status Conference**

Atain asks that the court set this matter for a status conference, jointly with the Underlying Action, to globally address consolidation and scheduling. (Doc. 78 at 3–4.)  The court concludes that a conference is unnecessary at this time.  The scheduling process set out above should allow the parties to resolve the great majority of scheduling questions without court involvement, consistent with the approach the court has taken in the Underlying Action.  A conference held now, before the parties have attempted to reach agreement, would be premature.

Atain's request is therefore DENIED WITHOUT PREJUDICE.  If the parties are unable to agree on a proposed scheduling order within the fourteen-day period set above, or if disputed issues remain after their proposed submission(s), any party may request a status conference at that time.

**Conclusion**

For the reasons explained above, the Motion to Join Coverage Action with Underlying Action for ENE and to Extend Scheduling Orders, (Doc. 63), and Atain's Motion to Extend Scheduling Orders and Set a Status Conference, (Doc. 78), are each GRANTED IN PART and DENIED IN PART.  Both motions are GRANTED to the extent they seek to join this Coverage Action with the Underlying Action, Case No. 2:23-cv-90, for the limited purpose of a consolidated ENE.  All parties to this Coverage Action shall participate in good faith in the consolidated ENE currently scheduled for September 21–22, 2026.

The parties shall, within fourteen days of this order, meet and confer and submit a proposed scheduling order (or competing proposed scheduling orders, if the parties cannot agree) addressing, at a minimum, the timing of remaining written and dispositive discovery and any dispositive motion deadlines.  If the parties disagree as to whether dispositive motions should be due before, after, or on some other schedule relative to the ENE, each party or group of parties

4

shall briefly explain the basis for their position in their submission.  Atain's request for a status conference (Doc. 78) is DENIED WITHOUT PREJUDICE.  Any party may renew this request if the parties cannot agree on a proposed schedule within the fourteen-day period.

DATED at Rutland, in the District of Vermont, this 16th day of July 2026.

Mary Kay Lanthier
United States District Judge

5